# EXHIBIT A

STATE OF NEW YORK
SUPREME COURT: COUNTY OF ERIE

---

WILLIE ELLIS, as Administrator of the
Estate of JAMES ELLIS, Deceased,
18 Eggert Rd.,
Buffalo, NY 14215,

                    Plaintiff,

vs.

ERIE COUNTY,
95 Franklin Street
Buffalo, New York 14202

JOHN DOE 1 through 20 (said Erie County supervisor(s) and/or
Erie County Sheriff Department supervisor(s) or employee(s) or staff on
Duty involved in the incident on November 30, 2021 and/or
underlying claims),

                    Defendants.

**SUMMONS**

Index No.:

*[Stamp: This paper received at the Erie County Attorney's Office from John MacCarrick on the 3rd day of December, 2024 at 2:06 a.m./p.m. [signature] Assistant County Attorney]*

---

**TO THE ABOVE NAMED DEFENDANTS:**

    **YOU ARE HEREBY SUMMONED** to answer the Complaint in this action and to serve a copy of your answer, or, if the Complaint is not served with this Summons, to serve a notice of appearance, on the Plaintiff's Attorneys within TWENTY (20) DAYS after the service of this Summons, exclusive of the day of service (or within THIRTY (30) DAYS after the service is complete if this Summons is not personally delivered to you within the State of New York); and in case of your failure to appear or answer, judgment will be taken against you by default for the relief demanded in the Complaint.

    The basis of venue is plaintiff's residence which is located in Erie County, New York.

DATED:     Buffalo, New York
November 26, 2024

                                            **LIPSITZ GREEN SCIME CAMBRIA LLP**

                                            By: /s/ Melissa D. Wischerath
                                            MELISSA D. WISCHERATH, ESQ.
                                            Attorneys for Plaintiff
                                            42 Delaware Avenue, Suite 120
                                            Buffalo, New York 14202-3924
                                            (716) 849-1333

STATE OF NEW YORK
SUPREME COURT: COUNTY OF ERIE

---

WILLIE ELLIS as Administrator of
of the Estate of JAMES A. ELLIS,
Deceased,

          Plaintiff,

vs.

ERIE COUNTY,
JOHN DOE 1 through 20 (said Erie County supervisor(s) and/or
Erie County Sheriff Department supervisor(s) or employee(s) or staff on
Duty involved in the incident on November 30, 2021 and/or
underlying claims),

          Defendants.

**COMPLAINT**

Index No.

---

These elementary principles establish the government's obligation to provide medical care for those whom it is punishing by incarceration. An inmate must rely on prison authorities to treat his medical needs; if the authorities fail to do so, those needs will not be met. In the worst cases, such a failure may actually produce physical 'torture or a lingering death...'

*Estelle v Gamble*, 429 US 97, 103, (U.S. 1976).

Plaintiff, by and through his attorney, Melissa D. Wischerath of LIPSITZ GREEN SCIME CAMBRIA, LLP, hereby brings this Complaint and Jury Demand and alleges as follows:

## INTRODUCTION

1. Erie County, Former Erie County Sheriff Howard, and current Erie County Sheriff Garcia, chose — for nearly two decades — to violate the constitutional rights of the people in their custody.[1]

2. Though under a legal duty to provide adequate medical care for those in his custody, Sheriff Garcia has publicly admitted "We're set up to fail, We don't have the means to give individuals that come through the doors adequate medical help ..." See, "Why Do People Keep Dying in Erie County's Jails?" available at https://newrepublic.com/article/171009/erie-county-sheriff-garcia-howard last accessed on June 9, 2023.

3. Erie County, has knowingly and recklessly denied medical care to the men and women in the Erie County Holding Center (ECHC) for years, causing numerous investigations and deaths.[2]

4. In February of 2018, the New York State Commission of Correction, published "THE WORST OFFENDERS REPORT: THE MOST PROBLEMATIC LOCAL CORRECTIONAL FACILITIES OF NEW YORK STATE."[3]

---

[1] See e.g., September 2009 US Department of Justice lawsuit against Erie County and Erie County Sheriff Timothy Howard available at https://www.justice.gov/archive/opa/documents/erie-complaint.pdf ; US Department of Justice December 2014 Settlement With the County of Erie, New York to Prevent Disability Discrimination at the Erie County Jail available at https://www.justice.gov/file/189161/download last accessed on June 9. 2023; March 2021 lawsuit filed by Attorney General James on behalf of the New York State Commission of Correction (SCOC) against Erie County and Erie County Sheriff Timothy Howard available at https://ag.ny.gov/sites/default/files/2021.03.17_opening_papers_binder.pdf last accessed on August 7, 2024.

[2] Id. The investigations, reports, and decrees are hereby incorporated by referenced as is more fully set forth herein.

[3] https://scoc.ny.gov/system/files/documents/2023/09/problematic-jails-report-2-2018.pdf last accessed on August 7, 2024.

2

5. After years of review, the Commission identified the ECHC as one of the top five worst offenders for violating state and federal laws, explaining "the five local jails that are deemed the 'worst offenders' for being in violation of state law. These facilities pose an ongoing risk to the health and safety of staff and inmates and, in instances, impose cruel and inhumane treatment of detainees in violation of their Constitutional rights." At the time of the 2018 report, the NYS Commission had four open inmate mortality investigations at the Erie County Holding Center from 2012-2018 involving: inadequate medical and mental health care; minimum standards violations; and excessive use of force against detainees experiencing a medical and/or mental health crisis in the jail.[4]

6. For the past 20 years, a detainee in the Holding Center in downtown Buffalo or the Erie County Correctional Facility in Alden died, on average, every four and a half months.[5]

7. Despite the state and constitutional mandates to provide detainees with adequate medical care and the staggering death rate, ECHC knowingly and recklessly lacks the means to give individuals that come through its doors adequate medical help.

8. Since at least 2012, following the horrific and tragic death of Richard Metcalf, the Sheriff failed to provide its deputies with proper policy guidance and training on how to properly observe and attend to the medical needs of detainees subjected to prone restraint.

## FACTS

9. On November 30, 2021, James Ellis died of Complications of Metastatic Carcinoma of probable gastrointestinal primary while in the custody of the Erie County Sheriff at the Erie County Holding Center. He was 58-years-old.

---

[4] Id.
[5] Jail deaths substantially higher than reported available at https://www.investigativepost.org/2024/09/10/erie-county-jail-deaths/ last accessed on November 26, 2024.

3

10. 27 months after the death of James Ellis, on March 27, 2024, the Medical Review Board issued their findings regarding his death. "Although his death may not have been preventable, the Board did find that there were failures by the medical providers to recognize clinical indicators of serious disease process during Ellis' incarceration and to address his chronic medical complaints." The Medical Review Board's report for James Ellis is available here at https://scoc.ny.gov/system/files/documents/2024/04/ellis-james-erie-hc_redacted.pdf last accessed on November 26, 2024.

11. As the Medical Review Board documented in its findings, Ellis had persistent gastrointestinal symptoms over the course of three weeks that could have been indicative of a more serious disease process. Id.

12. Although it was warranted, no medical provider nor employee of the County referred him to a physician for a gastroenterology consultation. Instead he continued to languish and vomit. Id.

13. The Medical Review opined that there was a failure by medical staff to properly assess, failure to notify and consult with a physician and a grossly missed diagnosis. Additionally, the Medical Review Board questioned the credibility of the medical staffs' findings that Ellis clear lung sounds at both sick call encounters on 11/28/21 and 11/29/21 as the gross anatomic findings at autopsy revealed that Ellis had edematous lungs (right 1560 g / left 1260 g) with bronchopneumonia and a necrotic abscess of the right lung indicating possibly weeks of developing infection. The Medical Review Board opined that the cited failures collectively indicated inadequate supervision of the medical staff and health services delivery.

14. A response to the preliminary report was received by the Commission on January 29, 2024. The Medical Review Board stated, "[t]he quality care issues identified by the Medical

4

Review Board were not specifically addressed in the response. The Medical Review Board remains affirmed in their findings and the identified issues in this case. Id.

15. The County and/or employee(s) or staff on Duty involved in the care and treatment for Mr. Ellis during his incarceration and/or underlying claims) willful and deliberate indifference to James Ellis' serious medical needs, directly led to his death.

16. Upon information and belief, the County and/or employee(s) or staff on Duty involved in the care and treatment for Mr. Ellis during his incarceration and/or underlying claims) failed to: sufficiently monitor or treat, or supervise and/or train, those responsible for him; adequately screen or supervise and/or train, those responsible for screening him for medical conditions; failed to timely or adequately respond to requests for medical care or supervise and/or train, those responsible for him; and denied or delayed for excessive periods the provision of necessary chronic and specialty care, including transport to a hospital or supervise and/or train, those responsible for him.

17. The defendants failure to provide adequate medical care resulted in the death of James Ellis.

18. The County has been aware of the constitutionally and legally inadequate care and conditions in its jails for years, thereby possessing actual and constructive notice of these ongoing and recurring violations.

19. Erie County is the appointing authority for the delivery of jail incarcerated individual health services pursuant to Correction Law section 501 for the ECHC.

**PARTIES**

20. Plaintiff, at all times hereinafter mentioned was and still is a resident of the City of Buffalo located within the County of Erie and the State of New York.

21.   On or about the 22nd day of November, 2024, plaintiff, Willie Ellis, was appointed temporary administrator of the Estate of James A. Ellis, pursuant to an Order of the Surrogate's Court of Erie County, and Temporary Letters Testamentary of the Estate of James A. Ellis were served on the plaintiff, and he is duly qualified and thereafter acted and is still acting as such administrator.

22.   Defendant, ERIE COUNTY (the "County") is a governmental subdivision created under the laws of the State of New York. The County is charged by the laws of the State of New York with authority to maintain the Erie County Holding Center (ECHC). The Erie County Holding Center in Buffalo, New York is a pretrial facility owned by Erie County; many people held there are not convicted of a crime.

23.   Upon information and belief, at all times hereinafter mentioned, defendant, JOHN DOE 1 through 20, were and still are residents of the County of Erie and the State of New York. He/she/they are sued in his/her/their official capacities.

24.   Upon information and belief, at all times hereinafter mentioned, defendants, JOHN DOE 1 through 20, were hired and/or employed by defendants, Erie County and/or the Erie County Sheriff, and were acting within their authority as an Erie County Deputy Sheriff(s) and/or officer(s) and/or staff and acting under color of state law.

25.   Upon information and belief, at all times hereinafter mentioned, defendant Erie County is responsible for the supervision, administration, policy, practices, procedures, and customs of the Erie County medical providers, and is responsible for the hiring, training, discipline, and control of the ECHC staff.

26.   Upon information and belief, the County, owned, maintained, operated, managed, directed, controlled, and staffed the Erie County Holding Center, located at 40 Delaware Avenue

within the City of Buffalo, County of Erie, and State of New York, and is responsible for the care and custody of all detainees at said facility.

27. Upon information and belief, at all times hereinafter mentioned, defendant County employed and controlled the individuals responsible for the hiring, training, and discipline deputies and staff, and also created, instituted, and oversaw enforcing the policies, practice, and procedures at issue in this action.

28. Defendant, Erie County, was responsible for the hiring, training, supervision, discipline, retention, and promotion of employees of the ECHC staff.

## FIRST CAUSE OF ACTION
## AGAINST ERIE COUNTY and JOHN DOE 1 through 20

## 42 U.S.C. §1983 AND FOURTEENTH AMENDMENT

### (Deliberate Indifferent to Serious Medical Need in Violation of the Fourteenth Amendment)

29. Plaintiff incorporates by reference each and every allegation contained in the above paragraphs as if set forth fully herein.

30. James Ellis, while under the care, custody and control of Erie County, and JOHN DOE 1 through 20, at the ECHC, was caused to suffer serious injuries, due to their failure to ensure for and/or provide timely and proper medical treatment to him; in their failure to provide medications and proper medical treatment that he required; the denial of treatment by defendants amounts to deliberate indifference to a serious medical need, in violation of the Fourteenth Amendments' prohibition against cruel and unusual punishment and 42 U.S.C. § 1983; in their failure and refusal to make a reasonable accommodation by providing Mr. Ellis with access to proper treatment and medications, rather than prolonged illness, thereby discriminating against him on the basis of disability, even though accommodation would in no way alter the nature of

7

the healthcare program, and unconstitutionally deprived him of his liberty and he was otherwise tortuously and maliciously harmed by the actions of the defendants, all in violation of Title 42 of the United States Code, Section 1983 et. seq. and the AMERICANS WITH DISABILITIES ACT. Said negligent and improper delay in medical treatment led to the untimely and wrongful death of James Ellis on or around November 30, 2021.

31. Mr. Ellis' repeated complaints of gastrointestinal distress over a three-week period; complaints of chest pain and unstable vital signs; 15 lbs. weight loss and repeated vomiting constituted a serious medical need.

32. Upon information and belief, defendant Erie County, and JOHN DOE 1 through 20 failed to detect his acute illness and significant disease during his 9 weeks of incarceration even though the medical standard of care warrants it.

33. Erie County, and JOHN DOE 1 through 20 knew of and disregarded or should have known of the excessive risk of harm to James Ellis if he was not provided prompt and appropriate medical treatment for his complaints.

34. The failure to provide and/or denial of access to the standard of care caused James Ellis physical and psychological suffering and injuries resulting in death.

35. The denial of treatment constitutes a deliberate indifference to a serious medical need, in violation of the Fourteenth Amendment and 42 U.S.C. §1983.

36. As a result of the foregoing, plaintiff has sustained general and special damages in an amount that exceeds the jurisdictional limits of all lower courts that would otherwise have jurisdiction.

## SECOND CAUSE OF ACTION

## AGAINST ERIE COUNTY

### (Monell Claim-Municipal Liability Pursuant to 42 U.S.C. Section 1983)

37. Plaintiff incorporates by reference each and every allegation contained in the above paragraphs as if set forth fully herein.

38. The County knew or should have known that their supervisory policy as related to fitness of the medical providers in its jails was deficient.

39. Defendant, Erie County established, condoned, ratified, and/or encouraged customs, policies, patterns, and practices that directly and proximately caused the deprivation of the civil and constitutional rights of Plaintiff's decedent James Ellis, and the damages and injuries described herein. It did so with deliberate indifference to the rights of the detainee. These written and unwritten policies, customs, patterns, and practices included:

   i. Failing to adequately staff their department with sufficient physicians, staff, and employees (including health care workers), for welfare checks, medical assessment, monitoring, and medical treatment and transport.

   ii. Failing to train, supervise and discipline physicians, staff, and employees at the ECHC responsible for welfare checks, medical assessment, monitoring, and medical treatment.

   iii. Failing to utilize qualitative benchmarks to assess the quality of medical care ECHC provides to its detainees.

   iv. Failing to take steps to ensure that deputies, staff, and employees at the ECHC do not falsify welfare checks and/or medical assessments and logs.

   v. Failing to adequately staff their department with sufficient physicians, staff, and employees (including health care workers), for detainees with serious

9

physical injuries suffered before presenting to defendant Erie County and its employees, agents and/or representatives.

vi. Failing to have in place, or failing to follow, a policy or procedure to prevent physicians and/or nurses from denying detainees access to necessary medical treatment.

vii. Failing to properly screen, during the booking process, and supervise thereafter, prisoner, inmate, and/or detainee for serious chronic and acute medical conditions.

viii. Failing and omitting to properly and in a timely manner administer, provide and/or ensure for adequate medical treatment, including transport, assessments, monitoring, examinations, and medications.

ix. Failing to properly and in a timely manner respond to medical complaints, symptoms, and requests for treatment.

x. Deliberately, purposefully, and knowingly denying detainees access to necessary medical treatment for acute and/or chronic medical conditions, such as cancer.

xi. Failing to properly and adequately train, supervise, instruct their employees, staff and/or officers about the proper and timely medical treatment of detainees; and in recognizing the signs and symptoms of acute disease and chronic disease.

xii. Failing to immediately seek a physician referral and/or hospital treatment for detainees in need of it.

xiii. Failing to review or implement findings of the NYS Commission of Correction pursuant to Correction Law section 501.

40. The County knew or should have known that the custom, policy, or practice of ignoring acute medical conditions was constitutionally infirm because of the known risks and death attributable to it, and because it delayed medical aid to those in need of it.

41. The County knew or should have known of these ongoing customs, policies, and practices.

42. Despite having actual or constructive knowledge of these customs, policies, and practices, the County exhibited deliberate indifference to these ongoing policies, customs, and practices.

43. A reasonable supervisor would conclude that the County's official policy to effectively not supervise its physicians and medical staff, and its custom, policy, or practice of ignore acute symptoms, would foreseeably result, by deliberate indifference, in the injuries and/or deaths of detainees such as Mr. Ellis (i.e., an individual with clearly-established medical needs).

44. The above-described actions violated Mr. Ellis' clearly-established constitutional rights under the Eighth and Fourteenth Amendments to the United States Constitution.

45. The particular injuries suffered by Ellis and his estate are the obvious consequence of the failure to supervise and its unconstitutional customs.

### THIRD CAUSE OF ACTION
### AGAINST ERIE COUNTY

### AMERICANS WITH DISABILITIES ACT

**(Unlawful Discrimination Against Qualified Individuals with Disabilities)**

46. Plaintiff incorporates by reference each and every allegation contained in the above

11

paragraphs as if set forth fully herein.

47. Erie County Holding Center ("ECHC"), which is owned and/or operated by defendant, the County, is a public facility subject to the Americans with Disabilities Act (ADA).

48. Cancer is a "disability" under the ADA. See 42 U.S.C. §12102 and 12131(2); 28 C.F.R. §35.108.

49. The ADA applies to individuals, such as James Ellis, who require or are receiving treatment for cancer.

50. Defendants denied James Ellis, the benefit of medical programs through the Erie County Holding Center on the basis of his disability.

51. Defendants refused to and/or failed to make a reasonable accommodation to Mr. Ellis, by providing him with a physician consultation, thereby discriminating against him on the basis of disability, even though accommodation would in no way alter the nature of the healthcare program.

52. As a result of the foregoing, plaintiff has sustained general and special damages in an amount that exceeds the jurisdictional limits of all lower courts that would otherwise have jurisdiction.

### RELIEF REQUESTED

Plaintiff, respectfully requests that this Court:

a. Exercise jurisdiction over plaintiff's claims and grant him a jury trial;

b. Award plaintiff economic and non-economic damages, in an amount to be ascertained according to proof, and interest on said sums from the date of Judgment;

c. Award plaintiff punitive damages against the individual (non-municipal) defendants in an amount sufficient to punish them and deter others from similar conduct;

d. Award plaintiff reasonable attorney's fees and costs as provided by 42 U.S.C. § 1988; and

e. Grant plaintiff such other and further relief as this Court deems just and appropriate, including, declaratory and injunctive relief.

DATED:   Buffalo, New York

November 26, 2024

**LIPSITZ GREEN SCIME CAMBRIA LLP**

By: /s/ Melissa D. Wischerath
MELISSA D. WISCHERATH, ESQ.
Attorneys for Plaintiff
42 Delaware Avenue, Suite 120
Buffalo, New York 14202-3924
(716) 849-1333

STATE OF NEW YORK
SUPREME COURT : COUNTY OF ERIE

---

WILLIE ELLIS, as Administrator of
the Estate of JAMES ELLIS, Deceased,

                    Plaintiff,

vs.                                        Index No. 817543/2024

ERIE COUNTY,
JOHN DOE 1 through 20 (said Erie County supervisor(s) and/or
Erie County Sheriff Department supervisor(s) or employee(s) or
staff on Duty involved in the incident on November 30, 2021 and/or
underlying claims),

                    Defendants.

---

## NOTICE OF COMMENCEMENT OF ACTION
## SUBJECT TO MANDATORY ELECTRONIC FILING

      PLEASE TAKE NOTICE that the matter captioned above, which has been commenced by filing of the accompanying documents with the County Clerk, is subject to mandatory electronic filing pursuant to Section 202.5-bb of the Uniform Rules for the Trial Courts. This notice is being served as required by Subdivision (b)(3) of that Section.

      The New York State Courts Electronic Filing System ("NYSCEF") is designed for the electronic filing of documents with the County Clerk and the court and for the electronic service of those documents, court documents, and court notices upon counsel and self-represented parties. Counsel and/or parties who do not notify the court of a claimed exemption (see below) as required by Section 202.5-bb(e) must immediately record their representation within the e-filed matter on the Consent page in NYSCEF. Failure to do so may result in an inability to receive electronic notice of document filings.

      Exemptions from mandatory e-filing are limited to: (1) attorneys who certify in good faith that they lack the computer equipment and (along with all employees) the requisite knowledge to comply; and (2) self-represented parties who choose not to participate in e-filing. For additional information about electronic filing, including access to Section 202.5-bb, consult the NYSCEF website at www.nycourts.gov/efile, or contact the NYSCEF Resource Center (at 646-386-3033 or efile@courts.state.ny.us).

Dated: December 2, 2024

                            LIPSITZ GREEN SCIME CAMBRIA, LLP

                            _s/ Melissa Wischerath_____
                            By: Melissa D. Wischerath, Esq.
                            Attorneys for Plaintiff
                            42 Delaware Avenue, Suite 120
                            Buffalo, NY 14202
                            Tel: 716-849-1333

TO:
    ERIE COUNTY
    DEPARTMENT OF LAW
    Edward A. Rath County Office Building
    95 Franklin Street, Rm 1634
    Buffalo, New York, 14202